# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RODNEY LABORDE,

      Plaintiff,

v.

MOUNT AIRY CASINO,

      Defendant.

3:16-CV-769
(JUDGE MARIANI)

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the Court is Defendant's Motion for Reconsideration, (Doc. 44), which requests that this Court reexamine its Opinion and Order of June 12, 2018, which granted in part and denied in part Defendant's Motion for Summary Judgment. (Docs. 37, 38). Specifically, Defendant asserts that this Court erred in denying Defendant's summary judgment motion with respect to Plaintiff's FMLA claim and the issue of back pay. For the reasons that follow, the Court will deny Defendant's Motion for Reconsideration.

### II. PROCEDURAL HISTORY

Through this lawsuit, Plaintiff, Rodney Laborde, asserts that Defendant, Mount Airy Casino, unlawfully terminated his employment as a Table Games Floor Supervisor when it allegedly decided to discharge Plaintiff because of his disabilities and in retaliation for Plaintiff taking intermittent medical leave from work. Plaintiff's Amended Complaint asserted three claims: a disability discrimination claim under the Americans with Disabilities

Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.*, (Count I), a retaliation claim under the Family and Medical Leave Act of 1993, ("FMLA"), as amended, 29 U.S.C. § 2601 *et seq.*, (Count II), and a disability discrimination claim under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*, (Count III).

At the close of discovery, Defendant filed a Motion for Summary Judgement on all claims. (Doc. 26). In an Opinion and Order issued on June 12, 2018, this Court granted in part and denied in part Defendant's Motion. (Docs. 37, 38). Specifically, this Court found that there was no evidence in the record that Plaintiff's disability played any role in Defendant's decision to terminate Plaintiff's employment. (Doc. 37 at 11-23). Thus, the Court granted Defendant's Motion with respect to Plaintiff's ADA and PHRA claims. (Doc. 38). With respect to Plaintiff's remaining FMLA claim, the Court first found that, because Defendant terminated Plaintiff three days after Plaintiff took FMLA leave, Plaintiff established a prima facie case of retaliation. (Doc. 37 at 24-25). Noting that "Defendant has asserted that it terminated Plaintiff's employment because he tried to cover up his error in approving bets over a table maximum by changing the table sign and instructing a subordinate not to tell anyone," the Court found that Defendant had satisfied its burden of proffering a legitimate, nondiscriminatory reason for its actions. (*Id.* at 25).

Turning to the issue of pretext, the Court stated the following:

> Here, the timing of the events is also sufficient to carry Plaintiff's burden as to pretext. Specifically, the record reflects that on August 10, 2012, Mr. Collins told Mr. Asselta that Plaintiff had changed the table limit sign after approving excessive bets and asked the dealer not to tell anyone. (Decl. of

2

> John Collins, Doc. 28-9 at ¶¶ 20, 22-23). Mr. Asselta asserts that he discussed the matter with Mr. Tuthill and Mr. Tuthill decided to suspend Plaintiff and to seek his termination. (Decl. of Dennis Asselta, Doc. 28-2 at ¶ 38). The record, however, is unclear as to when this discussion took place or when Mr. Tuthill decided to seek Plaintiff's termination. Plaintiff took FMLA leave on August 13, 2012. (Decl. of Carol Benginia, Doc. 28-15 at ¶ 14). On August 14, 2012, Mr. Asselta directed Mr. Hayes to suspend Plaintiff. (Decl. of Dennis Asselta, Doc. 28-2 at ¶ 39). On the same day, Mr. Asselta and Mr. Tuthill sought approval from the Executive Director of Human Resources, Ms. Kneisc, to terminate Plaintiff's employment. (*Id.* at ¶ 40; Decl. of Frances Kneisc, Doc. 28-13 at ¶ 12). Ms. Kneisc approved Mr. Tuthill's recommendation and Plaintiff's employment was terminated on August 16, 2012. (Decl. of Frances Kneisc, Doc. 28-13 at ¶¶ 13-14).
>
> Because Plaintiff was terminated three days after he took FMLA leave for misconduct that occurred three days prior to him taking FMLA leave, a reasonable jury could conclude that the FMLA leave was causally connected to the termination. That is, a reasonable jury could infer that the August 13, 2012, FMLA leave played a negative role in the termination decision. Further, summary judgment is inappropriate because the record is unclear as to whether Mr. Tuthill decided to recommend Plaintiff be discharged before or after Plaintiff took the FMLA leave. If Mr. Tuthill was aware of Plaintiff's misconduct before Plaintiff took his FMLA leave, but only made the decision to recommend Plaintiff's discharge after Plaintiff engaged in the protected activity, a reasonable jury could infer that Mr. Tuthill would not have made the recommendation had Plaintiff not taken the leave. See *Lichtenstein*, 691 F.3d at 311-12 (reversing a grant of summary judgment when an employer was aware of an employee's misconduct prior to the employee taking FMLA leave but only decided to discharge the employee after the employee took the leave). Thus, there is enough evidence in the record for a reasonable jury to disbelieve Defendant's stated reason for terminating Plaintiff's employment.

(Doc. 37 at 25-26). The Court therefore denied Defendant's Motion for Summary Judgment with respect to Plaintiff's FMLA claim.

Turning to Defendant's final argument, the Court determined that summary judgment was not appropriate on the issue of back pay even though there was no evidence in the

3

record that Plaintiff attempted to mitigate his damages. (Doc. 37 at 27-31). Specifically, the Court held that

> Even if it is undisputed that Plaintiff made no efforts to obtain employment after he was terminated, it does not necessarily follow that he is not entitled to any amount of back pay. An award of back pay is to be "reduced by any amounts the plaintiff actually earned or could have earned through the exercise of reasonable diligence." *Gallo v. John Powell Chevrolet, Inc.*, 779 F. Supp. 804, 813 (M.D. Pa. 1991); *see also* Third Circuit Model Jury Instructions 10.4.1. If, for example, all substantially equivalent work that was available around the time Plaintiff was terminated paid less than what Plaintiff earned in his position with Defendant, the difference between his prior salary and what he could have earned through the exercise of reasonable diligence would be greater than zero. Defendant has pointed to no undisputed evidence about the rates of pay of any substantially equivalent positions that may have been available to Plaintiff. Thus, the Court is not in a position to determine whether or not Plaintiff is entitled to an award of back pay.

(Doc. 37 at 29-30). The Court also relied on two cases, "*Booker v. Taylor Milk Company, Inc.*, 64 F.3d 860 (3d Cir. 1995), and *Caufield v. Center Area School District*, 133 F. App'x 4 (3d Cir. 2005), both of which rejected arguments that a failure to mitigate always forecloses awards of back pay." (Doc. 37 at 30). Thus, the Court denied Defendant's Motion with respect to the issue of back pay.

### III. STANDARD OF REVIEW

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Specifically, the motion is generally permitted only if (1) there is an intervening change in the controlling law; (2) new evidence becomes available that was not previously available at the time the Court issued its decision; or (3) to correct clear errors of

4

law or fact or prevent manifest injustice. *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Moreover, "motions for reconsideration should not be used to put forward arguments which the movant . . . could have made but neglected to make before judgment." *United States v. Jasin*, 292 F. Supp. 2d 670, 677 (E.D. Pa. 2003) (internal quotation marks and alterations omitted) (quoting *Reich v. Compton*, 834 F. Supp. 2d 753, 755 (E.D. Pa. 1993) *rev'd in part and aff'd in part on other grounds*, 57 F.3d 270 (3d Cir. 1995)). Nor should they "be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Donegan v. Livingston*, 877 F. Supp. 2d 212, 226 (M.D. Pa. 2012) (quoting *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002)).

## IV. ANALYSIS

Defendant has puts forth three arguments in support of its Motion for Reconsideration: (1) the factual record does not support an inference of pretext; (2) as a matter of law, temporal proximity alone cannot establish pretext; and (3) the rates of pay at equivalent positions are irrelevant to the issue of back pay because Plaintiff has completely exited the job market. (Doc. 45). For the reasons discussed below, none of these arguments provide a meritorious basis for altering the Court's prior Opinion and Order.

With respect to Defendant's first argument, Defendant has submitted the "supplemental declaration" of Dennis Asselta in an effort to "clarify" the record. Specifically, the supplemental declaration asserts that Mr. Tuthill made the decision to recommend

Plaintiff's termination before Plaintiff took his August 13th FMLA leave. As discussed above, this Court previously determined that the timing of Mr. Tuthill's decision was not only unclear from the record, but also relevant to Plaintiff's claim. Although Defendant readily admits that this fact "was unclear from the parties' summary judgment briefing," Defendant argues that the fact is now clear and summary judgment is now appropriate. (Doc. 48 at 2).

The Third Circuit has explained "that new evidence, for reconsideration purposes, does not refer to evidence that a party submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available." *Blystone v. Horn*, 664 F.3d 397, 415-16 (3d Cir. 2011) (alteration and quotation marks omitted). Thus, "[e]vidence that is not newly discovered, as so defined, cannot provide the basis for a successful motion for reconsideration." *Id.* at 416. Defendant, however, does not assert that the information contained in Mr. Asselta's supplemental declaration was not previously available. Instead, Defendant argues that "had [the] timing of Mr. Tuthill's decision been raised by Plaintiff at the summary judgment stage, the issue would have been clarified by Mount Airy in its reply brief. Unfortunately, it was not, and thus Mount Airy has been required to clarify that fact now, through a request for reconsideration." (Doc. 48 at 2).

On a motion for summary judgment, it is the moving party's obligation to establish the absence of a genuine dispute of material fact. *See* FED. R. CIV. P. 56. This remains true even if the movant's motion is completely unopposed. *See Blasi v. Attorney Gen. of the*

*Commonwealth of Pa.*, 30 F. Supp. 2d 481, 484 (M.D. Pa. 1998); *see also* FED. R. CIV. P. 56(e). For the reasons stated in the Court's Opinion, Defendant's summary judgment motion failed to establish the absence of a genuine dispute of material fact with respect to Plaintiff's FMLA claim. Plaintiff's own failure to correctly identify the material facts that were in dispute does not grant Defendant the right to correct the deficiencies in its original filings via a Motion for Reconsideration. Because Defendant has not demonstrated that the information contained in Mr. Asselta's supplemental declaration was not previously available, the Court will not grant Defendant's Motion for Reconsideration on the basis of this additional evidence.

Defendant's second argument asserts that, "[a]s a matter of law, even though temporary [sic] proximity between a protected activity and an adverse employment action may be unduly suggestive and sufficient standing alone to create an inference of causality as part of a *prima facie* case, it is insufficient alone to demonstrate pretext." (Doc. 45 at 10). Defendant is incorrect. "[T]emporal proximity may be sufficient to show pretext '[i]n certain narrow circumstances' based on the particular facts and stage of a case." *Proudfoot v. Arnold Logistics, LLC*, 629 F. App'x 303, 308 (3d Cir. 2015) (second alteration in original) (quoting *Marra v. Phila. Hous. Auth.*, 497 F.3d 286, 302 (3d Cir. 2007)). In its Opinion, the Court relied on *Lichtenstein v. University of Pittsburgh Medical Center*, 691 F.3d 294 (3d Cir. 2012), to find that this case presented one of the narrow circumstances in which temporal proximity alone was sufficient to show pretext. (Doc. 37 at 26-27)

7

In that case, Jamie Lichtenstein worked for the University of Pittsburgh Medical Center ("UPMC") under the supervision of Deborah Lidey. *Id.* at 296. After Lichtenstein was terminated shortly after taking leave on January 3rd to attend to her mother in the hospital, she sued her former employer. *Id.* at 296, 298-99. The District Court granted summary judgment and Lichtenstein appealed. *Id.* at 296. The Third Circuit reversed, finding that disputes of fact prevented the entry of summary judgment on Lichtenstein's FMLA retaliation claim. *Id.* at 312.

With respect to the issue of pretext, the Court noted that "Lichtenstein engaged in behavior that was undoubtedly sufficient for UPMC to terminate her employment (i.e., attendance and scheduling problems during a probationary period in which a progressive disciplinary policy did not apply)." *Id.* at 311. Nevertheless, the Court found that, with the exception of one incident,

> UPMC was aware of Lichtenstein's performance deficiencies prior to her taking leave on January 3rd. Despite this knowledge, UPMC did not fire Lichtenstein until after she took her January 3rd leave. Although UPMC insists that the timing can be explained by the simple fact that Lidey left for vacation on December 31st and did not have an opportunity to fire Lichtenstein prior to January 3rd, Lidey's own testimony raises significant doubts about this explanation. Indeed, Lidey herself could not remember when she made the decision to terminate Lidey, nor could she remember when she learned of the December 30th incident that purportedly prompted this decision.

*Id.* Accordingly, the Court held "that Lichtenstein has met her burden of demonstrating pretext because . . . 'the timing of [UPMC's] decision could lead a fact finder to infer that [Lichtenstein] would not have been fired absent her taking of leave.'" *Id.* (second and third

8

alteration in original) (quoting *Kohls v. Beverly Enters. Wis., Inc.*, 259 F.3d 799, 806 (7th Cir. 2001)).

The facts before the Court on Defendant's Motion for Summary Judgment were substantially the same as the facts in *Lichtenstein*. Plaintiff engaged in behavior that was sufficient for Defendant to terminate his employment, that behavior occurred prior to Plaintiff taking his last FMLA leave, defendant discharged Plaintiff only after he took his FMLA leave, and the record was unclear as to when the decision to terminate was made. Thus, just as in *Lichtenstein*, the timing of the termination in relation to Plaintiff's protected leave was sufficient for a reasonable factfinder to conclude that Plaintiff would not have been fired absent him taking FMLA leave.[1] Accordingly, Defendant's second argument provides no basis for altering the Court's prior Opinion and Order.

Turning to Defendant's third and final argument, Defendant contends that this Court erred in holding that the lack of evidence of substantially equivalent positions available to Plaintiff prevented the entry of summary judgement. (Doc. 45 at 15-16). According to Defendant, such evidence is not necessary when an employee completely exits the job

---

[1] Defendant argues that *Beese v. Meridian Health Systems, Inc.*, 629 F. App'x 218 (3d Cir. 2015), and *Menekse v. Harrah's Chester Casino and Racetrack*, 649 F. App'x 142 (3d Cir. 2016), are more analogous than *Lichtenstein* to the facts of this case. The Court disagrees. In *Beese*, the Court noted that the employer's discipline policy required it to issue a "Final Warning" as a result of the employee's infraction and thus, even though "the Final Warning improperly cited protected absences as an alternative basis for the discipline," it was "undisputed that [the employee] would have received the Final Warning even if his supervisors had not considered his protected leave." *Beese*, 629 F. App'x at 221-22. In *Menekse*, the Court held that the fact that the employee took protected leave a week before her termination did not raise an inference of pretext when the incident that formed the basis of the termination occurred *after* the plaintiff took protected leave. *Menekse*, 649 F. App'x at 144-46.

9

market. Defendant attempts to distinguish *Booker v. Taylor Milk Company*, 64 F.3d 860 (3d Cir. 1995), cited in the Court's Opinion, on the basis that the employee in *Booker* did not completely exit the job market like Plaintiff because the employee "register[ed] with the Job Service and look through the help-wanted ads." *Booker*, 64 F.3d at 865. Thus, Defendant urges this Court to find *Booker* inapplicable because Plaintiff did not register with a job service or look through help-wanted ads.

The Court will not accept Defendant's invitation to draw a pedantic distinction between *Booker* and the case at hand. The Court in *Booker* explicitly noted that the employee's "conduct following the unlawful discharge does not appear to demonstrate his continuing commitment to be a member of the work force." *Id.* Thus, the Court concluded that "the district court's finding that Defendant had proven Plaintiff's failure to mitigate damages by a preponderance of the evidence is not clearly erroneous." *Id.* at 866. Only after so concluding did the Court reject the employer's argument that failure to mitigate damages completely forecloses back pay. *Id.* at 866-67. The fact that the employee in *Booker* exercised legally insufficient effort, as opposed to no effort at all, in looking for employment is inconsequential.[2] A failure to mitigate is a failure to mitigate. Accordingly, the Court will reject Defendant's final argument for reconsideration.

---

[2] The Court recognizes that Defendant has cited a Third Circuit opinion which predates *Booker* and an unpublished district court opinion in support of its position. These cases, even if applicable, do not establish the requisite "clear error of law" necessary to sustain a Motion for Reconsideration in light of the fact that this Court relied on applicable, binding Third Circuit precedent in reaching its holding.

## V. Conclusion

For the foregoing reasons, the Court will deny Defendant's Motion for Reconsideration (Doc. 44). A separate Order follows.

／s／ Robert D. Mariani
Robert D. Mariani
United States District Judge